**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

DALE E. HARPER,                      )
                                     )
                 Plaintiff,          )
vs.                                  )          Case No. CIV-12-0456-HE
                                     )
JAMES RUDEK, ET AL.,                 )
                                     )
                 Defendants.         )

## ORDER

Plaintiff Dale Harper, a state prisoner appearing *pro se*, has filed this civil rights

action under 42 U.S.C. § 1983.  He alleges, among other things, that prison officials at the

Oklahoma State Reformatory and Lawton Correctional Facility have retaliated against him

for filing other lawsuits in this court.[1]  Contemporaneously with the filing of his complaint

in this case, Mr. Harper also filed identical complaints in two other cases in this district: Case

Nos. 12-0449-HE & 12-0455-HE.  The court concludes the complaint in this case should be

dismissed as malicious under 28 U.S.C. § 1915A(b)(1).[2]

The court has a duty to screen prisoner suits against government officials "as soon as

practicable after docketing."  28 U.S.C. § 1915A(a).  Upon conducting this screening

function, the court must dismiss a complaint if it is malicious.  *Id.* § 1915(A)(b)(1).  A

complaint is malicious when it is duplicative of another pending lawsuit.  *E.g.* Pittman v.

---

[1]*Mr. Harper currently has two other cases pending in this district: Case Nos. 11-0995-HE & 11-0996-HE, both of which were filed on September 7, 2011.  The court also notes that Mr. Harper has filed a total of eight lawsuits in this district in the last two years, though none has resulted in Mr. Harper accumulating a "strike" before this order.*

[2]*A similar order will be filed in Case No. 12-0455-HE contemporaneously with this order.*

Moore, 980 F.2d 994, 995 (5th Cir. 1993).   Here, Mr. Harper has filed three identical

lawsuits in an attempt to control which magistrate judge his case is referred to.  *See* Letter

to Court Clerk [Doc. #2].  This is an abuse of the judicial process.

Accordingly, plaintiff's complaint [Doc. #1] is **DISMISSED** as duplicative and

malicious.  This dismissal is without prejudice to Mr. Harper's claims in Case No. 12-0449-

HE.  Plaintiff is advised that this dismissal will ripen into a "strike" under the three-strikes

rule of the Prison Litigation Reform Act as soon as the time to appeal has expired or, if

plaintiff appeals, in the event the court of appeals affirms this dismissal.[3]  *See* 28 U.S.C. §

1915(g); Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.

1999).   Consistent with Fed. R. Civ. P. 58(a), a separate judgment will be entered

contemporaneously with this order.

**IT IS SO ORDERED**.

Dated this 2nd day of May, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*The dismissal of this case counts as a strike, as does the contemporaneous dismissal of Case No. 12-0455-HE. Thus, plaintiff has accumulated two strikes under the PLRA.*